IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANASTASIA STEVENS-WOODS,                          Civil No. 07-1375-AA
                                                     OPINION AND ORDER
          Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Merrill Schneider
Schneider Law Offices
PO Box 16310
Portland, Oregon 97292-0310
     Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Nancy A. Mishalanie
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

        Claimant, Anastasia Stevens-Woods, brings this action

1    - OPINION AND ORDER

1   pursuant to the Social Security Act (the Act), 42 U.S.C. §§

2   405(g) and 1383(c)(3), to obtain judicial review of a final

3   decision of the Commissioner denying her application for

4   disability insurance benefits under Title II of the Act and for

5   Supplemental Security Income (SSI) disability benefits under

6   Title XVI of the Act.  For the reasons set forth below, the

7   Commissioner's decision is reversed and remanded for payment of

8   benefits.

9                       **PROCEDURAL BACKGROUND**

10       Plaintiff filed applications for disability insurance

11  benefits and SSI disability benefits on July 13, 2005, alleging

12  an onset date of October 1, 2001.  Tr. 16, 66-74.  Plaintiff

13  alleged she was disabled due to temporomandibular joint (TMJ)

14  dysfunction, carpal tunnel syndrome (CTS), a pinched nerve, mood

15  disorder, depression, and anxiety.  Tr. 87.  Her claims were

16  denied initially and upon reconsideration, and a request for a

17  hearing was filed.  Tr. 16, 28-37, 41-47.  On September 20, 2006,

18  a hearing was held.  Tr. 16, 697-743.  On October 24, 2006, the

19  ALJ issued a decision denying plaintiff's applications.  Tr. 16-

20  23.  On July 21, 2007, the Appeals Council denied plaintiff's

21  request for review, tr. 507, making the ALJ's decision the final

22  Agency decision.  20 C.F.R. §§ 404.981, 416.1481, 422.210.

23                     **STATEMENT OF THE FACTS**

24       Plaintiff is a 53-year-old woman.  Her past relevant work

25  was as a farm hand, packaging machine helper, gas station

26  attendant, street sweeper, parking lot attendant, retail cashier

27  and retail customer service provider.  Tr. 736-37.  Plaintiff is

28  a high school graduate.  Tr. 702-03.  Plaintiff alleges that she

    2   - OPINION AND ORDER

suffers from the severe impairments of lumbar degenerative disc disease, diabetes and left carpal tunnel syndrome.  Tr. 18. Plaintiff further alleges that she suffers from morbid obesity, knee problems, hip problems and temporomandibular (TMJ) dysfunction.  Tr. 18, 714, 716-17.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502,

3   - OPINION AND ORDER

1  416.920. First the Secretary determines whether a claimant is

2  engaged in "substantial gainful activity." If so, the claimant

3  is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R.

4  §§ 404.1520(b), 416.920(b).

5       In step two the Secretary determines whether the claimant

6  has a "medically severe impairment or combination of

7  impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

8  §§ 404.1520(c), 416.920(c). If not, the claimant is not

9  disabled.

10      In step three the Secretary determines whether the

11  impairment meets or equals "one of a number of listed impairments

12  that the Secretary acknowledges are so severe as to preclude

13  substantial gainful activity." Id.; see 20 C.F.R.

14  §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively

15  presumed disabled; if not, the Secretary proceeds to step four.

16  Yuckert, 482 U.S. at 141.

17      In step four the Secretary determines whether the claimant

18  can still perform "past relevant work." 20 C.F.R.

19  §§ 404.1520(e), 416.920(e). If the claimant can work, she is not

20  disabled. If she cannot perform past relevant work, the burden

21  shifts to the Secretary. In step five, the Secretary must

22  establish that the claimant can perform other work. Yuckert, 482

23  U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) &

24  (f). If the Secretary meets this burden and proves that the

25  claimant is able to perform other work which exists in the

26  national economy, she is not disabled. 20 C.F.R. §§ 404.1566,

27  416.966.

28  ///

4   - OPINION AND ORDER

**DISCUSSION**

1. <u>The ALJ's Findings</u>

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18, Finding 2.   20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  This finding is not in dispute.

At step two, the ALJ found that plaintiff had severe impairments of lumbar degenerative disc disease, diabetes and CTS of the left hand.   Tr. 18, Finding 3.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   This finding is in dispute because plaintiff asserts that she had other impairments that were severe.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 19, Finding 4.   20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).  This finding is not in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand, and walk for up to 6 hours in an 8-hour work day, alternating between sitting and standing to relieve pain and discomfort; she could only occasionally climb and stoop, and she was precluded from constant use of her nondominant left upper extremity.  Finally, she was restricted to only limited contact with her co-workers and to brief and structured interactions with the general public.  Tr. 20, Finding 5.  20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.  This finding is in dispute.

5    - OPINION AND ORDER

1       At step four, the ALJ found that plaintiff was able to

2   perform her past relevant work as a parking lot attendant or a

3   cashier, and therefore found her not disabled.  Tr. 23,

4   Finding 6.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f),

5   416.920(a)(4)(iv), 416.920(f).  This finding is in dispute.

6       2. Plaintiff's Allegations of Error

7       A. Plaintiff's Impairments

8       An impairment will be found severe if it "significantly

9   limits [plaintiff's] physical or mental ability to do basic work

10  activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  See also,

11  SSR 96-3p ("an impairment that is 'not severe' must be a slight

12  abnormality (or combination of slight abnormalities) that has no

13  more than a minimal effect on the ability to do basic work

14  activities").  Examples of basic work activities include physical

15  functions such as walking, standing, sitting, lifting, pushing,

16  pulling, reaching, carrying, or handling; capacities for seeing,

17  hearing, and speaking; understanding, carrying out, and

18  remembering simple instructions, use of judgment; responding

19  appropriately to supervision, co-workers and ususal work

20  situations; and dealing with changes in a routine work setting.

21  20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

22      The burden is on plaintiff to establish a severe impairment

23  by providing medical evidence showing she has an impairment and

24  how severe it is during the time she says she is disabled.  See

25  Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001).

26      Plaintiff argues that the ALJ erred by finding that

27  plaintiff's obesity, knee problems, depression and gender

28  identity disorder were not severe.  I agree and find that the

6   - OPINION AND ORDER

1    record supports plaintiff's assertion that her depression has a

2    significant impact on her ability to perform work duties.

3    Plaintiff's treating providers have consistently and overwhelming

4    diagnosed plaintiff with a serious depressive disorder including

5    persistent suicidal ideation.   In January 2003, Dr. Becker

6    diagnosed plaintiff with "depression," and made a change to her

7    anti-depression medications.   Tr. 174.   In August 2003, Dr.

8    Becker saw plaintiff again, maintained the diagnosis of

9    "depression," and stated [plaintiff] should be off work at least

10   three more months."   Tr. 168.   In December 2003, Dr. Becker

11   noted, after seeing plaintiff, that her "depression [is] under

12   poor control," and made yet another change to her anti-depression

13   medications.   Tr. 165.

14        Beginning August 2000, plaintiff has been treated by her

15   mental health therapist, Bryan Neff, L.C.S.W.    In July 2004,

16   Mr. Neff  diagnosed plaintiff with "multiple factors impacting

17   depression, [and] increased anxiety.   Tr. 222.   In April 2005,

18   plaintiff was seen by Dr. Ganzini, a psychiatrist at the Veterans

19   Administration Medical Center (VAMC).   Tr. 282.   Dr. Ganzini

20   noted plaintiff was being followed for treatment of depression

21   and anxiety.   Id.   Plaintiff's medications were changed.   Id.

22   Plaintiff was subsequently seen again by Dr. Ganzini who assessed

23   plaintiff with a "major depressive disorder" and again changed

24   her medications.   Tr. 318.   Byran Neff then saw plaintiff and

25   concluded "vet clearly impaired in terms of resuming any

26   meaningful work . . . . stressed importance of calling this

27   writer if parasuicidal urges return."   Tr. 283.   Bryan Neff

28   subsequently saw plaintiff for "worsened depression," and gave

7   - OPINION AND ORDER

plaintiff a GAF of 46.  On August 19, 2005, plaintiff was seen by Dr. Ward, a clinical psychologist, who administered a comprehensive battery of mental health tests to plaintiff.  Dr. Ward concluded that plaintiff is experiencing "significant distress and depression. . . . The veteran endorsed items suggesting that she currently experiences suicidal ideation . . . . Her potential for self-harm should be monitored on an ongoing basis."  Tr. 439.  Dr. Ward gave plaintiff a GAF score of 45.

On September 28, 2005, plaintiff was evaluated by Dr. Julie Nelligan, a clinical psychologist, who assessed plaintiff with a major depressive disorder, finding that she "has minimal social support and appears to be having difficulty coping with current stressors."  Tr. 513.  Further, the record is replete with evidence that plaintiff experienced suicidal ideation during the relevant time period.  Tr. 322, 439.  Contrary to the ALJ's finding that "plaintiff's depression was in remission and her symptoms were well-controlled with medication," the record reflects that plaintiff's depression is ongoing.  Finally, the court notes SSR 06-03p, which provides that opinions from medical sources, such as Mr. Neff's, "are important and should be evaluated on key issues such as impairment severity and functional effects."  I find that Mr. Neff's opinions and findings, along with those of plaintiff's treating doctors, are probative evidence of the significant impact of plaintiff's impairments on her ability to work.

B. Ability to Return to Past Relevant Work

Plaintiff argues that at step four of the disability analysis, the ALJ erred in failing to incorporate all of

8    - OPINION AND ORDER

1    plaintiff's limitations into his residual functional capacity

2    determination.   The defendant responds that the ALJ is "not

3    required to include opinion evidence that has been properly

4    discounted."  Def's memo, p. 12.   However, as discussed above,

5    the ALJ improperly discounted medical evidence and testimony in

6    the record supporting the severity of plaintiff's depression and

7    suicidal ideation.   Even Dr. Rethinger's opinion, relied on by

8    the ALJ as a non-examining doctor, found that plaintiff has

9    depression as a medically determinable impairment.   Tr. 398.

10   Because the ALJ failed to include any limitations with regard to

11   plaintiff's depression (ability to sustain concentration and

12   persistence, understanding and memory), the hypothetical posed to

13   the vocational expert does not reflect all of plaintiff's

14   limitations and therefore has no evidentiary value.   Embrey v.

15   Bowen, 849 F.2d 418, 423 (9th Cir. 1988).

16                          **CONCLUSION**

17        The Commissioner's decision is not based on substantial

18   evidence.   Therefore, this case is reversed and remanded for

19   payment of benefits.   This case is dismissed.

20   IT IS SO ORDERED.

21        Dated this  10   day of November 2008.

22

23

24

25                          /s/ Ann Aiken
                            Ann Aiken
26                          United States District Judge

27

28


9    - OPINION AND ORDER